Chief Justice Robertson
delivered the Opinion of the Court-
The alledged defect in the declaration .was cured by the verdict and the plea and issue which presented for trial the fact omitted in the The Circuit Court did not therefore err in over-ruling the motion to arrest the judgment. ^ .do
But the judgment itself is erroneous. The suit was brought by the relator against a sheriff and the surcties in his official bond for damages for his failure 1° account for fee bills which luid been deliveredto him for collection, and the Circuit Court gave judgment for 10 per cent, interest on the damages messed by the verdict.
The 29th section of an act of 1796 (1st Digest, 577) authorises a judgment on motion against a sheriff for failing to account for fee bills placed in his hands for collection. The 5th section of an act 0f 1808, is as follows: — “When judgment shall be n J e r eJ against a sheriff or against a sheriff and his deputies for fee bills put into his hands for collection. *167 and not accounted for, it shall be lawful for the judgment to be entered as to make the principal sum bear interest at the rate of 10 per cent, per year from the day on which it should have been paid until payment shall be made.”
In a motion or proceeding against a sheriff or his deputj for a, failure to account for fee bills put into his hands for collaction, ten per cent, interest maybe adjudged against him, but in a cem> mtm law suit atr-iinst his sureties on their bond, a greater sum than the dams ages assessed by a jury cani notbeadjudged against themln a suit against sheriff’ and his sure, ties for a fail-tire to account for fee bills put into his hands for collection, if the judgment should be joint, the ten per cent, interest on the amount of the fee bills, cannot, in such case, be adjudged even against the sheriif.
John Trimble, for plaintiffs; Crittenden, for defendant.
The section thus quoted is penal, and construed as it should be, strictly, does not apply to the sureties. It denounces a penalty against the delinquent officer to stimulate him to the punctual performance of his duties', but his sureties are not made liable for such penalty. By their bond they become liable for the full measure of a cheat, damage or injury resulting to a party from the official delinquency of their principal, but not for any penalty incurred by him, and intended for the punishment of him who had been guilty of official misfeasance or nonfeasance, and not of those who were passive and innocent, and upon whom no duty was devolved.
In a motion or proceeding against the sheriff or his deputy the ten per cent, may be adjudged against him. — But in a common law suit against the sureties on their bond, a greater sum than the damages assessed by a jury cannot be adjudged. The statute applies not only to the officer alone, but to a proceeding against him alone.
In this case the judgment should be joint, and, as the sureties are not liable for the ten per cent, no judgment for that penalty can be legally rendered even against the principal in the suit. If the relator desired to enforce that penalty he ought to have proceeded against the sheriff alone, according to the statute.
Wherefore the judgment is reversed and the cause remanded, with instructions to render judgment on the verdict according to the rules and principles of the common law.